UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LEURY SOTO<br><br>Plaintiff,<br><br>v.<br><br>OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT<br><br>Defendants<br><br>INTERNAL REVENUE SERVICE<br>(Statutory notice pursuant to 26 USC § 7434d) | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff LEURY SOTO by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff LEURY SOTO, (hereafter "Plaintiff") against his former employers, Defendants OCEAN FISH MARKET INC., and PEDRO C. ESPAILLAT (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and to recover civil damages for fraudulent filing of information returns in violation of 26 U.S.C. §7434(a).

2. During the term of Plaintiff's employment, Defendants had a practice of paying Plaintiff a regular rate for hours worked in excess of forty in a workweek. Additionally, Defendants reported Plaintiff's (incomplete) overtime compensation in a 1099 tax form, while reporting other work hours in a W-2 form.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 26 U.S.C. §7434.

4. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5. Plaintiff, LEURY SOTO, a resident of Orange County, was a former employee of Defendants who worked at Ocean Fish Market d/b/a D 'Ocean Fish Market, located in 7803 E Colonial Dr, Suite 101, Orlando, Florida.

6. Plaintiff, LEURY SOTO, is an employee as defined by the laws under which this action is brought.

7. Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT are employers as defined by the laws under which this action is brought.

8. Defendant OCEAN FISH MARKET INC. is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida.

9. Defendant OCEAN FISH MARKET INC. also conducts business under the fictitious name D' OCEAN FISH MARKET.

10. Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT operate two fish markets, located in 2125 W. Washington St., Orlando, Florida 32805, and 7803 E. Colonial Dr., Suite 101, Orlando, Florida 32807.

11. Defendant PEDRO C. ESPAILLAT is the President of OCEAN FISH MARKET INC.

12. Defendant PEDRO C. ESPAILLAT is an individual resident of the State of Florida, who owned and/or operated OCEAN FISH MARKET INC. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had direct involvement in employment affairs; c) hired employees (including Plaintiff); and/or d) controlled terms of employment (including Plaintiff's hourly rate and partial overtime compensation).

**COVERAGE**

13. Defendant OCEAN FISH MARKET INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

14. Defendant OCEAN FISH MARKET is a fish market that uses debit/credit card payments to entities outside the state of Florida, to purchase food, supplies, materials, and a multitude of other market products, some of which are manufactured outside the state of Florida, and which cross state lines in the flow of commerce. Defendant sells such products in the stream of commerce and accepts payment from customers through debit/credit cards and checks from banks located outside the state of Florida or processed outside Florida. Defendant also hosts one or website and/or Facebook pages viewed by potential customers across state lines, and send faxes, emails, and other communications across state lines.

15. Upon information and belief, Defendant OCEAN FISH MARKET's annual gross volume of sales exceeded $500,000/year at all relevant times.

16. Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT were employers within the definition of the FLSA, 29 U.S.C. § 203.

17. During the term of his employment, Plaintiff LEURY SOTO was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

18. Plaintiff LEURY SOTO regularly processed credit and/or debit card purchases from customers.

19. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

20. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

21. Plaintiff LEURY SOTO was employed by Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT from February 2018 to March 2019.

22. Plaintiff worked as a fish marker worker at OCEAN FISH MARKET INC.

23. Plaintiff's duties included cleaning, selling, and cutting fish, as well as helping customers.

24. Plaintiff was paid $10.00 per hour and was paid in cash.

25. Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT had a practice of paying Plaintiff a regular rate for hours worked in excess of forty in a workweek. Additionally, Defendants reported Plaintiff's (partial) overtime compensation in a 1099 tax form, while reporting other work hours in a W-2 form.

26. During his employment with Defendants, Plaintiff was classified as non-exempt.

27. Plaintiff was classified both as an employee and independent contractor.

28. Since Plaintiff was paid an hourly rate, Plaintiff did not have an opportunity for profit or loss.

29. All overhead and investment in the operation in which Plaintiffs worked was made by Defendants, not by Plaintiff. Plaintiff used Defendants' equipment, facilities, supplies, and workplace to carry out his duties.

30. The work performed by Plaintiff was mostly manual work. It did not require initiative to operate or expand an independent business, or independent business judgment. Rather, Plaintiff's work consisted of preparing fish and helping customers.

31. Plaintiff's relationship with Defendants, while at will, was for an indefinite period and not for a particular project or definite term of duration.

32. Defendants' exercised control over the manner in which Plaintiff performed his work.

33. Plaintiff was economically dependent on Defendants.

34. Plaintiff did not engage in a fish business distinct from that of Defendants.

35. Defendants established Plaintiff's schedule and hourly rate.

36. Defendants willfully misclassified Plaintiff as an independent contractor, even though the factual circumstances of the relationship between them demonstrated that Plaintiff was in fact an employee.

37. Defendants knew or should have known that they had a legal duty to report Plaintiff's compensation in W-2 Forms.

38. Defendants' actions were willful and showed reckless disregard for their obligations under the Internal Revenue Code.

39. With respect to the FLSA, Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

40. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

41. Instead, Defendants paid overtime at Plaintiff's regular rate of $10.00 (and reported Plaintiff's overtime compensation in a 1099 tax form, while reporting other compensation in a W-2 form).

42. Plaintiff worked five to six days a week, an average of 57.5 to 69 hours a week.

43. Plaintiff LEURY SOTO discussed with Defendant PEDRO C. ESPAILLAT his overtime compensation and was informed that they did not pay overtime.

44. Therefore, Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT were aware that Plaintiff was working without proper compensation but did not cure the ongoing FLSA violations.

45. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

46. Plaintiff LEURY SOTO did not punch or record his time. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. §

516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

47. Plaintiff LEURY SOTO re-alleges and incorporates the allegations contained in Paragraphs 1 through 46 above.

48. Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

49. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

50. As a result of Defendants' willful violation of the FLSA, Plaintiff LEURY SOTO is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

WHEREFORE, Plaintiff LEURY SOTO respectfully requests judgment against Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b); and

e. Such further relief as the Court deems just and appropriate.

## COUNT II
## CIVIL DAMAGES FOR FRAUDULENT FILING
## OF INFORMATION RETURNS PURSUANT TO 26 USC §7434

51. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 46 above.

52. By erroneously reporting Plaintiff's overtime compensation in a 1099 tax form, and failing to properly record, account for, and report to the IRS all of the monies paid to Plaintiff as compensation for all hours worked, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

53. Under the Internal Revenue Code, 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

WHEREFORE, Plaintiff LEURY SOTO respectfully requests judgment against Defendants OCEAN FISH MARKET INC. and PEDRO C. ESPAILLAT, and the following:

   a. Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

   b. That Defendants be ordered to take all the necessary steps to correct the above-identified information returns.

    c.    All reasonable costs and attorney's fees incurred in prosecuting these claims; and

    d.    Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

54.    Plaintiff requests a jury trial to the extent authorized by law.

Dated: March 20, 2019        Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com