# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEURY SOTO,**

                     **Plaintiff,**

**v.**                                 **Case No:   6:19-cv-556-Orl-41LRH**

**OCEAN FISH MARKET, INC. and**
**PEDRO C. ESPAILLAT,**

                     **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE (Doc. 19)** |
| **FILED:** | **August 20, 2019** |

**THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

## I.     Background

The Plaintiff filed this action against the Defendants, his former employers, alleging that they failed to pay him all the overtime wages he was owed in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 (Count I).   (Doc. 1 at 8).   In addition, the Plaintiff asserted a claim that the Defendants filed fraudulent information returns with the Internal Revenue Service in violation of 26 U.S.C. § 7434 (Count II).   (*Id*. at 9).

The parties eventually reached a settlement and, on July 11, 2019, they filed a joint motion (Doc. 17 (Motion)) to approve their settlement, along with their settlement agreement (Doc. 17-1 (Agreement)). The undersigned denied the Motion without prejudice because the parties failed to explain why the Plaintiff agreed to compromise his FLSA claim, which frustrated the undersigned's ability to determine whether the settlement was fair and reasonable. (Doc. 18).

On August 20, 2019, the parties filed a renewed joint motion (Doc. 19 (Renewed Motion)) to approve their settlement, along with the Agreement (Doc. 19-1).[1] Under the Agreement, the Plaintiff will receive $2,750.00 in unpaid wages, $2,750.00 in liquidated damages, $500.00 for his claim pursuant to § 7434, and $4,010.00 in attorney fees and costs in exchange for releasing all FLSA and § 7434 claims that he may have against the Defendants. (*Id*. at ¶¶ 3-4). The parties assert that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claim and request that the Court grant the Renewed Motion and dismiss the case with prejudice. (Doc. 19 at 3-4).

## II.    Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-

---

[1] This was the same agreement that the parties attached to the Motion.

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

55.   In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.   *See Lynn's Food Stores*, 679 F.2d at 1354.   There is a strong presumption in favor of settlement.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4]   The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.   *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.   *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

## III.    Analysis

### A.  The Settlement Amount

The Plaintiff alleges that the Defendants did not pay him time-and-a-half for all the overtime hours he worked and claims that he is owed approximately $5,460.00 in unpaid overtime wages. (Docs. 1 at ¶¶ 40-41; 19 at ¶¶ 1-2)).   The Defendants, on the other hand, contend that their "records show that Plaintiff was paid additional sums for overtime hours and the total hours appear to be less than what Plaintiff claims he worked."  (Doc. 19 at ¶ 3).  Thus, the Defendants argue that they properly paid the Plaintiff for all the hours he worked.  (Docs. 11; 19 at ¶ 3).  Considering the parties' respective positions, this case involves a disputed issue of liability under the FLSA, creating a bona fide dispute under that statute.

The parties have been represented by counsel throughout this case and negotiated a settlement all of the Plaintiff's claims.  (Doc. 19 at ¶ 4).   Under the Agreement, the Plaintiff agreed, in relevant part, to receive $2,750.00 in unpaid wages, $2,750.00 in liquidated damages, and $4,010.00 in attorney fees and costs in exchange for releasing all FLSA claims that he may have against the Defendants.  (Doc. 19-1 at ¶¶ 3-4).[5]  While the Plaintiff will be receiving a little more than half of the unpaid wages and liquidated damages he claims to be owed, the undersigned nevertheless finds the settlement is fair and reasonable.  Specifically, the Plaintiff agreed to compromise his FLSA claim because he believes the Defendants will put forth a "strong defense" based on its payroll records and, as a result, there is a possibility that he would recover less than what he will receive under the Agreement.  (Doc. 19 at ¶ 5).  Further, the Plaintiff agreed to

_____

[5] The Plaintiff is also receiving an additional $500.00 to settle his claim pursuant to § 7434. (Doc. 19-1 at ¶ 3(c)).   There is no requirement that this aspect of the settlement be scrutinized for fairness and reasonableness.   Thus, the undersigned has not considered this amount in determining whether the Plaintiff's settlement of his FLSA claim is fair and reasonable.

compromise his FLSA claim because it assures that he will be compensated immediately. (*Id.*). Considering the Plaintiff's reasons for agreeing to compromise and settle his FLSA claim, the undersigned finds that the settlement is fair and reasonable. Therefore, the undersigned respectfully recommends that the Court find that the settlement is a fair and reasonable resolution of the Plaintiff's FLSA claim.

### B. The Other Terms of the Agreement

The Agreement contains two provisions of note. The undersigned will address each provision in turn.

First, the Agreement contains a release provision in which the Plaintiff agrees to release the Defendants "from any and all claims under the Fair Labor Standards Act ("FLSA") and 26 U.S.C. § 7434." (Doc. 19-1 at ¶ 4). This release is sufficiently narrow to allay any concern that the Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the claims he asserted in the Complaint. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Thus, the undersigned finds that the Agreement's release provision does not affect the fairness and reasonableness of the settlement.

Second, the Agreement contains a modification provision, which states:

> [T]he Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendant prior to approval by the Court.

(Doc. 19-1 at ¶ 12). This provision allows the parties to modify the Agreement after the undersigned's report but before the Court's final approval of the Agreement. If the parties were to modify the Agreement after the undersigned's report and before the Court's approval, the Court would not be aware of the modification unless the parties voluntarily divulged the modification.

Thus, this provision, if used, would defeat the purpose of obtaining Court approval of the Agreement. *See Layton v. Percepta, LLC*, Case No. 6:17-cv-1488-Orl-41DCI, 2019 WL 1047325, at *2 (M.D. Fla. Feb. 13, 2019) *report and recommendation adopted*, 2019 WL 1040854 (M.D. Fla. Mar. 5, 2019). Therefore, the undersigned respectfully recommends that the modification provision, *i.e.*, the third, full sentence of paragraph 12 of the Agreement, be stricken.[6]

The Agreement does not contain any other provisions that are generally found to undermine the fairness and reasonableness of an FLSA settlement. (*See* Doc. 19-1). Thus, the undersigned respectfully recommends that the Court strike the third, full sentence of paragraph 12 of the Agreement and find that none of the other provisions of the Agreement affect the overall fairness and reasonableness of the settlement.

### C.  Attorney Fees and Costs

The parties agreed that the Plaintiff's counsel will receive a total of $4,010.00 in attorney fees and cost. (Doc. 19-1 at ¶ 3(d)). The parties state that they agreed on the amount of attorney fees and costs separately and without regard to the amounts to be paid to the Plaintiff. (Doc. 19 at 2, 4). The settlement is reasonable to the extent previously discussed, and the parties' representations adequately establish that the issue of attorney fees and costs was agreed upon separately and without regard to the amount the Plaintiff is receiving under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, the undersigned respectfully recommends that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

---

[6] The Agreement permits the severability of the modification provision without affecting the remainder of the Agreement. (Doc. 19-1 at ¶ 13 ("The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.")).

**IV.**     **Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Renewed Motion (Doc. 19) be **GRANTED** as follows:

    a.  The third, full sentence of paragraph 12 of the Agreement (Doc. 19-1 at ¶ 12) be **STRICKEN**.

    b.  The Agreement (Doc. 19-1) otherwise be found to be a fair and reasonable settlement of the Plaintiff's FLSA claim.

2.  The Renewed Motion (Doc. 19) be **DENIED** in all other respects.

3.  The case be **DISMISSED WITH PREJUDICE**.

4.  The Clerk be directed to close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on September 6, 2019.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy